[Criminal No. 923.  Filed October 13, 1942.]

[129 Pac. (2d) 916.]

STATE OF ARIZONA, Appellee, v. G. W. PIERCE,
Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Appellee.

Mr. V. L. Hash, for Appellant.

LOCKWOOD, C. J.—G. W. Pierce, defendant, was informed against by the county attorney for the crime of "contributing to the delinquency of a minor." Section 43–1008, Arizona Code 1939. There are six separate counts in the information, each count setting up different specific acts of a sexual nature committed upon different persons, and each one of which acts taken alone would constitute the offense charged. The case was tried before a jury, and at the end of the evidence defendant moved the court to instruct the jury to return verdicts of not guilty upon each count. The court granted the motion as to counts one, two and four, and denied it as to the other three, submitting the case as to counts three, five and six to the jury under instructions which are not questioned. A verdict of guilty was returned on each of these three counts, and after the usual preliminaries, this appeal was taken.

There are four assignments of error, which we shall consider in their order. The first is that the information was void in that it charged distinct and separate offenses committed at different times and places and against different persons. Section 44–725A, Arizona Code 1939, reads as follows:

"*Charging two or more offenses or same offense in different counts; Order to consolidate; Election by prosecution; Separate trials; Effect of acquittal on one or more counts.* An indictment, information, or

complaint may charge two or more different offenses connected together in their commission, or different statements of the same offense or *two or more different offenses of the same class of crimes or offenses, under separate counts,* and if two or more indictments or informations are filed in such cases the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict; provided, that the court in the interest of justice and for good cause shown, may, in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately. A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." (Italics ours.)

The information complies fully with the rule set forth in this section, but defendant contends, in substance, that the section itself is void, in that it denies him a substantive right given him by the Constitution and laws of the state of Arizona.

The legislature of the state of Arizona, by chapter 8, of the session laws of 1939, authorized this court to adopt rules of both civil and criminal procedure governing the practice in all courts, but expressly provided, "Such rules shall not abridge, enlarge or modify the substantive rights of any litigant." If, therefore, section 44–725A, *supra,* is purely procedural in its nature, its adoption was authorized by chapter 8, *supra.* If, on the other hand, its affects a substantive right of the defendant it is without the provisions of the statute and not within the inherent power of the court to make rules of procedure.

We have very recently had before us the question of the validity of chapter 8, *supra,* and in the case

of *Burney* v. *Lee, ante,* p. 360, 129 Pac. (2d) 308, we have held that as a result of such statute the legislature has withdrawn from the field of court procedure, and that unquestionably since said withdrawal the court has the indisputable inherent power of adopting procedural rules as it thinks proper for the conduct of judicial business, both criminal and civil.

■ ■ Counsel for defendant has not suggested any manner wherein the rule authorizing the joining of two or more different offenses of the same class of crime under separate counts violates any substantive right of defendant, and we can think of none. The *method* of trial of a defendant in a criminal case, as in a civil, is procedural and not substantive, and in the absence of a specific constitutional provision affecting the matter, may be regulated by rules of court. The first assignment of error is without merit. *Burney* v. *Lee, supra.*

■ The next assignment is that the state was permitted to have the witness S testify as to a different offense of the same class committed at a different place and time from any of those charged in the information. The court did permit this, but stated that it was admitted solely on the ground that it was an attempt to show offenses of a similar character, and instructed the jury "you will consider this . . . in so far as it may have a bearing upon the other offenses that he is alleged to have committed in this information." The same question arose in the case of *Taylor* v. *State,* 55 Ariz. 13, 97 Pac. (2d) 543, where the offense charged was statutory rape instead of contributory delinquency, and we stated that evidence of similar offenses to that charged tended to show a system, plan or scheme, and held the evidence admissible. Obviously the same rule applies in cases of the present nature. In view of the charge of the court limiting the effect of the

evidence objected to, we think there was no error in admitting it.

■ ■    The next assignment is that the court permitted the state to ask leading questions of a number of witnesses. These witnesses were all children ranging from nine to fourteen years of age. The allowance or exclusion of leading questions is within the sound legal discretion of the trial court. *Talley* v. *State,* 18 Ariz. 309, 159 Pac. 59. And this is particularly true when the witnesses are minors. *People* v. *Hinrich,* 53 Cal. App. 186, 199 Pac. 1058; *State* v. *Larsen,* 42 Idaho 517, 246 Pac. 313. We have examined the transcript of evidence carefully and are satisfied that the court did not abuse its discretion in permitting the questions to be asked.

■    The last objection is as to the testimony of the witness M. This testimony, in substance, was that M had had several conversations with defendant a short time before the alleged commission of the offenses charged, in which the latter stated, in substance, that various young girls had visited his place and that he "would rather play with a little girl than to have a sexual intercourse with a grown woman," and in substance that he had attempted sexual intercourse with two girls but they were too small for him to complete the act. It is alleged that this is evidence tending to prove crimes not charged, and thus is inadmissible.

It is true that evidence of other crimes is ordinarily not admissible in a criminal prosecution, but where the evidence is a declaration by a defendant that he had committed and desired to commit other offenses of the precise nature charged in the information, we think it is certainly admissible as showing a system or plan on the part of defendant. We find no procedural error in the case.

416

There was ample evidence in the record which, if believed by the jury, would sustain its verdict.

The judgment of the lower court is affirmed.

McALISTER and ROSS, JJ., concur.