167 So.2d 230 (1964)
SER-NESTLER, INC., a Florida corporation, Appellant,
v.
GENERAL FINANCE LOAN COMPANY OF MIAMI NORTHWEST, a Florida corporation, and Dave and Emma Grace, Appellees.
No. 64-133.
District Court of Appeal of Florida. Third District.
September 15, 1964.
*231 Kaplan, Ser, Abrams & O'Malley and Richard A. Sicking, Miami, for appellant.
Ferer & English and William John Mason, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
PER CURIAM.
The appellee General Finance Loan Company sued the appellees Dave and Emma Grace in the Civil Court of Record of Dade County, to recover on a promissory note executed by the latter. Grace and his wife failed to answer the complaint and a default and final judgment were entered against them. Grace at that time was apparently employed by the appellant and a writ of garnishment was directed by the appellee General Finance Loan Company to the appellant to which writ the appellant failed to make answer or return. The trial judge then directed the issuance of a scire facias to the appellant who in turn made return to the scire facias contending (1) that the monies sought to be garnished were due the head of a family for personal services, and (2) that the garnishee was indebted to Grace for only $20 up to the time of the service of the writ of garnishment. The appellee General Finance Loan Company then moved in accordance with Rule 2.12(b), Florida Rules of Civil Procedure, 31 F.S.A., for judgment against the garnishee and judgment in the full amount of the judgment against Grace was entered against the appellant garnishee. The appellant then filed a motion to set aside the default judgment and final judgment in garnishment contending that the sums due by it to Grace were for wages and were exempt under § 222.11, Fla. Stat., F.S.A., since Grace was the head of a family and the monies due him were for personal services. In addition, it was urged that Rule 2.12, supra, was unconstitutional. Upon hearing these motions, the trial judge entered an amended final judgment in which he reduced the judgment against the appellant garnishee from the full amount rendered against Grace to $480 and held that Rule 2.12(b), supra, was unconstitutional and in violation of Article V, Section 3 of the Florida Constitution, F.S.A. The reduction in the judgment was based upon the appellant's showing that it had paid Grace from June 27, 1963, up to and including August 23, 1963, the sum of $480 as wages. The trial judge rejected the appellant's contention that as a garnishee it could urge the exemption of Grace under § 222.11, supra. This appeal is from the amended final judgment.
The appellant contends as it did in the trial court that the provisions of Rule 2.12 (b), supra, are unconstitutional. The appellee General Finance Loan Company concedes the invalidity of the rule.
We affirm the judgment appealed. However, we do so upon the basis that the appellee has not questioned, but on the contrary concedes, the correctness of the trial judge's conclusion that Rule 2.12(b), supra, is unconstitutional, and therefore the appellee is satisfied with the judgment against the appellant garnishee for $480.
*232 In affirming the judgment appealed, we should not be misunderstood as approving the trial judge's conclusion that Rule 2.12(b), supra, is unconstitutional for the reason that we are of the view that he was without authority to nullify a rule promulgated by the Supreme Court of this state. The Supreme Court is vested with the sole authority to promulgate, rescind and modify the rules, and until the rules are changed by the source of authority, they remain inviolate. This is not to say that a trial court is without authority to construe the rules in applying them to given cases, but this authority does not extend to nullification of the rules. See Strong v. Clay, Fla. 1951, 54 So.2d 193.
With the exception noted, the judgment appealed is affirmed.
Affirmed.