427 P.2d 373

The JUSTICE COURT OF TEMPE PRECINCT, COUNTY OF MARICOPA State of Arizona, Appellant,

v.

Stanley A. KESWICK, Appellee.

I CA–CIV 343.

Court of Appeals of Arizona.

May 4, 1967.

Rehearing Denied June 1, 1967.

Review Granted June 20, 1967.

Robert K. Corbin, County Atty., by John D. Lewis, Deputy County Atty., for appellant.

---

Thomas W. Murphy, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from a "Judgment Granting Peremptory Writ of Prohibition" of the Superior Court of Maricopa County which prohibited the appellant Justice Court from proceeding in a criminal prosecution of Stanley A. Keswick for failure to provide for minor children. (13–801 A.R.S.) We are called upon to determine whether the exercise of civil jurisdiction by the Superior Court of the State of Arizona in a divorce proceeding in which the husband has been ordered to pay support for a minor child, divests the Justice Courts of the State of Arizona of criminal jurisdiction to hear and punish the said husband for nonsupport of the same minor child pursuant to 13–801 A.R.S.

We do not have a Reporter's Transcript of the proceedings in the trial court, and the facts necessary for a determination of this matter on appeal are gleaned from the uncontroverted statements of the parties in the pleadings below and the briefs filed herein. It would appear from these papers that the appellee, Stanley A. Keswick, was the defendant in a divorce action in 1957. The decree of divorce granted on or about 6 June 1957 provided for support payments of $75.00 per month to be made by Stanley Keswick to his wife as and for child support. All payments were to be made by Stanley Keswick through the Clerk of the Maricopa County Superior Court. Since said date the Superior Court of Maricopa County has caused various orders to issue modifying support payments. An order was made in October, 1964, wherein the said Stanley A. Keswick was ordered to pay the sum of $35.00 per month for support of the minor child of the parties. The memorandum of points filed in the Superior Court and the brief filed herein by the appellant indicates that at the time of the last order to show cause in the divorce action Stanley Keswick was in arrears in the amount of $2,375.00. This is not controverted by Stanley Keswick. In May, 1965, the Superior Court of Maricopa County again reviewed the matter, and the petitioner was ordered to make reasonable payments of arrearages therein involved.

Stanley Keswick, in his petition to the Superior Court for writ of prohibition, alleged that at various times commencing in January of 1960 the wife had caused to be filed against the said Stanley Keswick, in several Justice Courts in Maricopa County, complaints alleging failure to provide for minor children (13–801 A.R.S.) and alleges that he has appeared as defendant in criminal cases once in each of the following Justice Courts of Maricopa County: East Phoenix Precinct, Chandler Precinct and Scottsdale Precinct. He alleges he has appeared in the Justice Court of Tempe Precinct on 4 different charges of failure to provide (13–801 A.R.S.) prior to the charge pending in the instant case.

Stanley Keswick applied for a writ of prohibition from the Superior Court of Maricopa County, and, after a hearing held pursuant to an alternative writ of prohibition, the court entered a judgment which reads in part as follows:

"THE COURT FINDS AS FOLLOWS:

"1. That the Maricopa County Superior Court in Cause No. 45727, KESWICK vs KESWICK, has heretofore assumed and taken jurisdiction with respect to the matter of payment of alimony and child support by petitioner, STANLEY A. KESWICK.

"2. That the matter of jurisdiction exercised in said Cause No. 45727 is continuous during the minority of the children subject matter of said litigation, and that said jurisdiction is exclusive.

"3. That the JUSTICE COURT OF TEMPE PRECINCT, County of Maricopa, is without jurisdiction to proceed in the matter of prosecution of petitioner, STANLEY A. KESWICK, in Cause No. 31165 in that Court.

"NOW, THEREFORE, IT IS ORDERED:

"That the Alternative Writ of Prohibition heretofore issued out of this Court be, and the same is hereby, made peremptory; and the JUSTICE COURT OF TEMPE PRECINCT be, and it is hereby prohibited from proceeding in the matter of prosecution of STANLEY A. KESWICK in Cause No. 31165 in that Court."

■■■ Section 22–301 A.R.S. sets forth the jurisdiction of the Justice Courts in criminal actions. It provides that the Justice Courts have jurisdiction in:

"4. Misdemeanors and criminal offenses punishable by fine not exceeding $300.00, or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment."

The Criminal Code provides:

"A. A parent who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attention for his or her minor child is guilty of a misdemeanor punishable by imprisonment in the county jail for not to exceed six months." 13–801 A.R.S.

It is therefore clear that the Justice Court of Tempe Precinct had jurisdiction in the criminal complaint filed against appellee. It is the contention of Stanley Keswick that the order of the Superior Court for payment of the support in the divorce action ousted the Justice Court of criminal jurisdiction. With this we do not agree. The Superior Court in exercise of its civil jurisdiction does not oust the Justice Court of its criminal jurisdiction regarding the support by a parent of a minor child. They are two entirely different causes of action. In the Superior Court we have a civil case in which the court has ordered the defendant to pay so much per month for the support of his minor child. Upon his failure to do so the wife may obtain from the Superior Court such civil remedies as may be ordered by the Superior Court. The criminal action in the Justice Court is based not upon the husband's failure to comply with the divorce decree as modified but upon his legal obligation as a parent to support his children, and does not require that he be married, divorced, in the process of divorce or have an order of the civil court requiring him to make such payments. Although compliance with an order of the Superior Court as to support may be a defense to a criminal charge of non-support, the order of the Superior Court does not oust the Justice Court of jurisdiction to hear the matter. The judges of either court may note as part of the evidence the actions taken by the other, and indeed it may be an abuse of discretion not to, but in both cases the courts are vested with jurisdiction and discretion exclusive of the other, and, in the absence of a showing of an abuse of that discretion, the criminal court and the civil court should not be disturbed in their actions. We can envision situations wherein the divorce decree is silent as to support payments and one or both parents still could be guilty of the criminal statute in failing to provide. We can also envision the reverse situation where a parent is not guilty of criminal neglect as provided by the criminal statute and still be in violation of the support payments ordered by the civil court. Both procedures are exclusive of the other.

Appellee cites the Arizona cases of Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489 (1950); Blaine v. Blaine, 63 Ariz. 100, 159 P.2d 786 (1945), for the proposition that the Superior Court has continuing jurisdiction and discretion regarding orders involving child custody. With this we agree. Section 25–321 A.R.S., Woodford v. Superior Court, 82 Ariz. 181, 309 P.2d 973 (1957). But we do not believe this continuing jurisdiction ousts the Justice Court of its criminal jurisdiction. Appellee cites an early Washington case which states:

"The trial judge evidently treated this case as a proceeding in aid of the divorce decree, for he has made an order which, in effect, modifies that decree, but without reference thereto. This, it would

seem, he should not do, for defendant is now subject to two orders of the same court; one calling for the payment of a certain sum, and the other calling for a different sum. He is subject to a citation for contempt on the civil side, and to a judgment on the verdict and sentence on the criminal side.

"Surely it was never intended that the criminal statute should be put to such unfair uses, for the court, rendering the divorce decree, has ample power, under the statute, to enforce its orders; and, if not directly declared, the policy of the law to keep the solution of such matters in the court having jurisdiction of all parties to the divorce proceeding is recognized, if not directly declared, in many decisions of this court." State v. Coolidge, 72 Wash. 42, 129 P. 1088 (1913).

We believe this to be not only the minority view, but also the less desirable view from the standpoint of public policy. We would agree with the Oklahoma Supreme Court which stated:

"Of course the within prosecution was not based on the fact alone that the defendant had failed to meet the child support terms of the divorce decree. The failure or nonfailure to comply with the terms of the decree would only amount to evidence of whether or not the accused had actually adequately provided for his child. For a decree might attempt to relieve the father of all obligation to support the child, but such a provision would not relieve such parent from criminal prosecution if he did not carry out his natural, moral and legal duty to support his minor offspring * * * On the other hand, such decree might be too burdensome and beyond the means of the parent." Bohannon v. State, Okl. Cr.App., 271 P.2d 739; 73 A.L.R.2d 970 (1954).

The matter is reversed and with the filing of the mandate of this Court the peremptory writ of prohibition heretofore issued by the Superior Court of Maricopa County will be vacated.

DONOFRIO and STEVENS, JJ., concur.