433 P.2d 984

The JUSTICE COURT OF TEMPE PRECINCT, COUNTY OF MARICOPA, State of Arizona, Appellant,

v.

Stanley A. KESWICK, Appellee.

No. 9025–PR.

Supreme Court of Arizona, In Banc.

Nov. 22, 1967.

Robert K. Corbin, County Atty., John D. Lewis, Deputy County Atty., for appellant.

Thomas W. Murphy, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

This case is before us on a petition to review a decision of the Court of Appeals, Division I, of the State of Arizona, 5 Ariz. App. 392, 427 P.2d 373. On appeal the Court of Appeals decision reversed the Superior Court of Maricopa County.

The petitioner herein, Stanley A. Keswick following hearing was granted a peremptory writ of prohibition by the Superior Court of Maricopa County prohibiting the respondent, Justice Court of Tempe, from proceeding further in prosecuting petitioner on a criminal complaint filed by his former wife, wherein she charged petitioner and he had subsequently been found guilty of failure to provide for a minor child under A.R.S. § 13–801.[1]

---

1. § 13–801 Failure of parent to provide for child; punishment; direction that defendant labor on public works; pay; duty of board of supervisors; limitation on labor

A. A parent who wilfully omits, *without lawful excuse*, to furnish necessary food, clothing, shelter or medical attention for his or her minor child is guilty of a misdemeanor punishable by imprisonment in the county jail for not to exceed six months.

B. In any prosecution under this section, the court may direct that a person so convicted shall be compelled to work upon the public roads, streets or highways, or any other public work in the county or city where the conviction is had during the term of such sentence.

C. It shall be the duty of the board of supervisors, when a person is convicted under this section and sentence is imposed requiring the defendant to perform work as prescribed in this section, to allow and order the payment, from any funds available, to the wife, guardian or custodian of the child or children of the person imprisoned, or to an organization or individual appointed by the court as

**538.**

Keswick and his former wife, now Dollie Flottman, were divorced June 6, 1957. The decree awarded the mother custody of the children together with an order for their support. The original order through the intervening years has been modified several times. In addition, the former Mrs. Keswick has caused the Superior Court to exercise its continuing power to enforce its support orders through contempt proceedings.

On October 29, 1964 the Superior Court entered an order reducing payments to $35.00 per month and on May 19, 1965 Keswick, after hearing, was ordered by the Superior Court to continue paying $35.00 per month and to make such additional payments as he was able on accumulated arrearages due under previous orders existing before the October 29, 1964 modification.

In January, 1960 the county attorney commenced filing misdemeanor complaints charging Mr. Keswick with failure to provide for minor child under A.R.S. § 13–801 in various Justice Courts in Maricopa County including the East Phoenix Precinct, Scottsdale Precinct, Chandler Precinct, as well as for such charges in the respondent Justice Court of Tempe Precinct, Maricopa County.

Pursuant to the last misdemeanor complaint being filed, arrest thereon and trial, the following judgment was pronounced by the Justice of the Peace.

"This matter coming on to be heard March 15, 1965, defendant appearing in person, evidence being introduced, the Judgment of the Court is that defendant is found guilty of the charges filed herein, and prior to sentencing of defendant, and as a condition that sentence not be imposed, the defendant will furnish the minor child with necessary food, clothing, shelter and medical attendance by paying to Dolly Flottman for the

benefit of Stanley Albert Keswick, II, the sum of $60.00 per month pursuant to A.R.S. 13–804, and upon failure to comply with this order the defendant will be ordered to appear before this Court and to show cause by further proceedings to be had in this Court in this action and why sentence should not be imposed.

Done in open Court this 15th day of March, 1965.

s/ Ralph W. Fowler

Justice of the Peace, Tempe Precinct"

In August 1965 Keswick was notified to appear before the Tempe Precinct, Justice of the Peace for further proceedings, presumably to show cause why sentence should not be imposed, since he had not paid the full $60.00 per month called for in the March 15, 1965 judgment of the Justice of the Peace. It was at this point that Keswick filed his petition for a writ of prohibition.

It is uncontroverted in the pleadings and the record before this court, that Keswick had paid $35.00 a month or more since the superior court had entered its first order October 29, 1964, and its subsequent order of May 19, 1965, reducing the support order to that amount.

■ An order of the superior court for the payment of child support in a divorce proceeding does not oust a justice court from subsequently entertaining jurisdiction over a criminal complaint where there is a showing that the parent has wilfully omitted, *without lawful excuse*, to furnish necessary food, clothing, shelter, or medical attention, A.R.S. 13–801, supra. In the divorce proceedings where continuing jurisdiction is retained the superior courts have power to make, modify, and vacate orders for support and to enforce their orders through contempt proceedings, A.R.S. 25–321. The justice courts, on the other hand, have the power to punish a "parent who

trustee for the support of such children, of not to exceed two dollars for each day's work by such person while serving a sentence as provided by this section.

D. No person convicted under the provisions of this section shall be permitted to work in the same group with free labor, but shall be placed in a separate and distinct group. (Emphasis added.)

wilfully omits, *without lawful excuse*, to furnish necessary food, clothing, shelter or medical attention for his or her minor child," or, under the provisions of A.R.S. 13–804 to suspend proceedings or sentence "if the defendant enters into an undertaking, with sureties, payable to the state in such penal sum as the court may order and approve, and conditioned that the defendant will furnish the wife with necessary food, clothing, shelter or medical attendance \* \* \*."

. ■ When a superior court of the State of Arizona has properly assumed continuing jurisdiction to make and modify a support order and a divorced father has complied with the Superior Court order since the date of its modification a justice of the peace court exceeds jurisdiction when it attempts to impose a judgment for a greater amount than the superior court ordered.

. The situation here is somewhat analogous to that in State ex rel. Galbraith, Attorney General v. Superior Court, 22 Ariz. 452, 197 P. 537. In that case we noted that the superior courts of this state have concurrent power with the supreme court to issue writs of habeas corpus, but that such concurrent power did not vest in a superior court the power to issue such a writ for purposes of reviewing a judgment of the supreme court. At pages 455, 456, 197 P. at page 538 we said:

> "The only question involved is whether or not the superior court or any judge thereof had jurisdiction to order the issuance of this particular writ of *habeas corpus*. The matter is of grave importance; for it involves the orderly administration of justice through the protection and preservation from hindrance, interference, or embarrassment of jurisdiction already invoked and presently existent. The question is: Could Judge J. S. Jenckes legally entertain the petition for *habeas corpus* and thereby review the judgment of this court. We answer the inquiry emphatically in the negative. He possessed no such power. The attempt to do so was wholly unjustifiable,

beyond the jurisdiction and power of the judge, and without support in law, reason, or logic. Especially is this true of the order staying the operation and effect of the judgment of this court. It is obvious that any other view would tend to bring about a deadly conflict between the jurisdiction and power of this court and the jurisdiction and power of the superior court or the judge thereof, and would necessarily result in hampering and impeding the administration of the law and bring the law into disrepute and disfavor and deprive it of the respect and reverence of the people of the state. This must not be. It cannot be. The fact that the superior courts and the judges thereof have concurrent jurisdiction with this court in *habeas corpus* proceedings does not authorize either of those courts or either of such judges to issue writs of *habeas corpus* for the purpose of reviewing the judgments of this court."

and further, on page 458, 197 P. on page 539:

> "A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, neither are they permitted to hamper or impede the due and timely execution of such judgment."

In Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889; Rogers v. Ogg et al., 101 Ariz. 161, 416 P.2d 594 we reaffirmed the principles of Galbraith prohibiting inferior courts from impeding or hampering the judgments of higher courts or rendering a judgment "differing in one jot or tittle" from that which a higher court has pronounced.

We hold that a justice court exceeds its jurisdiction under A.R.S. 13–801, supra, when it attempts to raise or lower an existing superior court order and that invoked order is being complied with by the party. To hold otherwise would be to allow an inferior court to impute the verity of a judgment of a higher court, to review and

upset the rulings of a higher court, and would "bring about a deadly conflict between the jurisdiction and power" of the superior courts of this state and the jurisdiction and power of the justice courts of this state.

The rule is well established in other jurisdictions that where a divorce decree awards custody of a child to a mother and orders the father to make periodic payments for the support of the child, and the father complies with the order for payments, he cannot be deemed guilty of wilfully omitting, *without lawful excuse*, to furnish necessary food, clothing, shelter or medical attention to his minor child, even though the justice court finds the payments are not sufficient to furnish the necessary food, clothing, shelter or medical attention to such minor child. Manners v. State, 210 Ind. 648, 5 N.E.2d 300; Dimond v. State, 110 Neb. 519, 194 N.W. 725; 23 Am.Jur.2d 973, § 82.

In the instant case, the record reveals that between the date of rendition of the original decree in 1957 and the October, 1964 hearing Mr. Keswick had fallen in arrears some $2,375.00. As pointed out earlier the reason for this arrearage had been gone into several times both by the superior court and by several justice courts, including the Justice Court of Tempe Precinct.

It is apparent from the record that the superior court found in October, 1964 that the order theretofore existing was too burdensome and beyond the means of the parent and modified it to $35.00 per month. It is equally significant, that since the modification in October 1964 and the court's hearing in May 1965 wherein Keswick was ordered to continue to pay $35.00 and such additional amounts as he was able on the arrearage, that he has in fact complied with the superior court order.

Having determined that the Justice Court of Tempe Precinct acted in excess of its jurisdiction it is ordered that the decision of the Court of Appeals, Division I be vacated and that the order of the Superior Court of Maricopa County granting peremptory writ of prohibition be and the same is hereby affirmed.

McFARLAND, V. C. J. and STRUCKMEYER, UDALL and LOCKWOOD, JJ., concur.