445 P.2d 463

**The STATE of Arizona, Appellee,**

v.

**Walter W. MEEK, Appellant.**

**No. I CA–CR 162.**

Court of Appeals of Arizona.

Sept. 30, 1968.

Rehearing Denied Oct. 18, 1968.

Review Granted and Remanded to Court of Appeals Dec. 3, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Snell & Wilmer, by Mark Wilmer, Phoenix, for appellant.

CAMERON, Chief Judge.

Appellant, Walter W. Meek, was accused in a direct information filed in the Superior Court of Maricopa County of criminal contempt (§ 13–341 A.R.S.).

Trial was held in the Superior Court of Maricopa County on 1 March 1968, and the testimony at that trial indicates that Walter Meek, a reporter for the Arizona Republic, a newspaper of state-wide circulation printed in the city of Phoenix, Arizona, was, on 11 October 1967, attending a preliminary hearing in the courtroom of Justice of the Peace C. Stanley Kimball for one Danny Lee Eckhart in a case of more than passing interest to the press and news gathering agencies in the State of Arizona. The attorney for the defendant invoked the provisions of Rule 27 of the Rules of Criminal Procedure, 17 A.R.S., which at the time of the preliminary hearing read as follows:

> "During the examination of any witness, or when the defendant is making a statement or testifying, the magistrate may and on the request of the defendant *shall* exclude all other witnesses. He may also cause the witnesses to be kept separate and prevented from communicat-ing with each other until all are examined. The magistrate shall also, upon the request of the defendant, exclude from the examination every person except attorneys in the case and officers of the court." (Emphasis ours. NOTE: This rule was changed by order of the Supreme Court of the State of Arizona effective 1 February 1968, after the offense complained of in this case, in that the last sentence was deleted.)

A reading of the transcript leaves no doubt that the defendant was not an attorney in the case, was not an officer of the court, and refused to leave the courtroom when ordered by the magistrate after the attorney for the defense had invoked Rule 27 of the Arizona Rules of Criminal Procedure in existence at that time. The testimony of the defendant indicates that he remained on advice of his employer, after legal advice, and as he stated:

"\* \* \*

"     We—my employers and I—had understood that there might be an attempt on the part of defense counsel to invoke Rule 27, and it was a part of my purpose in being there to challenge the validity and legality of the rule excluding the public and the press.

"Q   Were you informed as to whether or not your employer had legal advice as to whether or not it was the opinion of their counsel that the rule was unconstitutional?

"A   Yes, my employer had informed me of the opinions which had been transmitted from counsel."

Defendant was convicted, fined $300 for contempt of court, and he prosecutes this appeal.

Appellant in his brief presents only one question for our consideration. In his brief he states:

> "The issues in the trial court were whether or not Rule 27, Rules of Criminal Procedure, which permitted a defendant in a criminal case preliminary hearing to require that all persons other than wit-

f

nesses, court officials and attorneys be excluded from a preliminary hearing was valid. The question was whether the rule abridged the constitutional guaranties of the defendant Meek, specifically Section 4, Article 2, Arizona Constitution, Section 6, Article 2, Arizona Constitution, Section 11, Article 2, Arizona Constitution, the First Amendment to the Constitution of the United States, the Fifth Amendment to the Constitution of the United States and the Fourteenth Amendment to the Constitution of the United States, * * *."

■■■ Our Constitution, Article VI, Section 5, Subsection 5, A.R.S. (as amended 1960), and our statute 12–109 A.R.S. provides that the Supreme Court may provide rules to "regulate pleading, practice, and procedure in judicial proceedings in all courts of the state". And our Supreme Court has stated that by authorizing the Supreme Court to adopt rules of both civil and criminal procedure the legislature withdrew from the field of court procedure. State of Arizona v. Pierce, 59 Ariz. 411, 129 P.2d 916 (1942). And our Supreme Court has recently stated that they have the inherent power to make rules. Arizona Podiatry Association v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966).

■■■ Appellant then is asking this Court, an intermediate appellate court, to declare unconstitutional a rule of procedure adopted by our highest court. It is true that we frequently construe the effect of the rules of criminal or civil procedure, but this is quite different from asking this Court to rule upon the constitutionality of a rule of criminal or civil procedure which has been promulgated by the Supreme Court of Arizona. If we did so, we would in effect be passing judgment upon the same court that passess judgment upon our actions. We have been recently reminded in regard to prior decisions of our Supreme Court that this is not our obligation:

"Whether prior decisions of the highest court in a State are to be disaffirmed is a question for the court which makes

the decisions. Any other rule would lead to chaos in our judicial system. Justice Court [of Tempe Precinct, Maricopa, County] v. Keswick, 102 Ariz. 536, 433 P.2d 984." McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

We believe that the rule is even stronger when as here we are being asked to declare unconstitutional a rule of procedure adopted by our Supreme Court:

"In affirming the judgment appealed, we should not be misunderstood as approving the trial judge's conclusion that Rule 2.12 (B), supra, is unconstitutional for the reason that we are of the view that he was without authority to nullify a rule promulgated by the Supreme Court of this state. The Supreme Court is vested with the sole authority to promulgate, rescind and modify the rules, and until the rules are changed by the source of authority, they remain inviolate. This is not to say that a trial court is without authority to construe the rules in applying them to given cases, but this authority does not extend to nullification of the rules." Ser-Nestler, Inc. v. General Finance Loan Co., Fla.App., 167 So. 2d 230 (1964).

Being unable to declare the rules of procedure adopted by the Supreme Court of this State unconstitutional, we can only address ourselves to the facts in this case and determine whether the defendant Meek was legally found guilty of criminal contempt by the trial court. A reading of the transcript indicates that he was.

Judgment affirmed.

STEVENS, J., concurs.

DONOFRIO, Judge (specially concurring):

Although I agree with my colleagues that the record supports the fact that the defendant was guilty of refusing to leave the courtroom after Rule 27 of the Rules of Criminal Procedure had been invoked, I am unable to agree with their holding that because we are dealing with the Rules

of Criminal Procedure we are precluded from going into the merits of this case relating to the constitutional questions.

The mere fact that the Supreme Court may have inherent or constitutional authority to adopt Rules of Criminal Procedure does not in and of itself prevent the Court of Appeals from considering the constitutionality of the rules as they may be involved in an appeal, provided the Supreme Court had not already passed on the matter.

I find no quarrel with the cases cited by the majority, however I am unable to read into their reasoning that the Supreme Court holds that once they have adopted a rule of criminal procedure any case on appeal involving the constitutionality of such a rule must not be inquired into by this Court. This in effect is what is being done here as the facts are not in dispute and only the constitutional questions are being presented for the first time.

There is no position which is more clear in American jurisprudence than that every act of authority contrary to the mandates of the Constitution, the supreme law of the the land, is void. "To deny this, would be to affirm * * * that men, acting by virtue of powers, may do not only what their powers do not authorize, but what they forbid." The Federalist #78. This axiom of our law was clearly pointed out in that landmark case, Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803):

"Thus, the particular phraseology of the Constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void; and that *courts*, as well as other departments, are bound by that instrument."

The majority in effect holds that every appeal which attacks the constitutionality of a rule of criminal procedure could not be inquired into by this Court even though it might involve a constitutional question for the first time, and even though at the time of the adoption of the rule by the Supreme Court it may have been oblivious

to the particular facts involved in the appeal and the effect of the rule they were adopting as applied to those facts. I do not believe this is the import of the cases cited.

Our Supreme Court in Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955), has recognized that sometimes procedural rules affect valuable substantive rights. They acknowledged that neither the Supreme Court nor the Superior Court can by rule of procedure deprive a party of substantive rights. The case dealt with rules regarding the disqualification of judges. In refusing to apply a rule which would deprive the defendant of the right to a fair and impartial judge, the Court stated:

"* * * Neither this court nor the superior court can by rule of procedure deprive a party of the opportunity to exercise this right. Courts cannot enact substantive law. A court is limited to passing rules which prescribe procedure for exercising the right. Any rule of court that operates to lessen or eliminate the right is of no legal force. It has even been held by the Supreme Court of the United States that under some circumstances a procedure that had such effect offended the due process clause of the Federal constitution. Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243." 78 Ariz. at 312, 279 P.2d at 723.

This is a changing world and many complexities are arising because of these changes. I cannot believe that the Supreme Court when they promulgated each rule had in mind all things that might occur in the future. It would be too much to expect them to have consciously thought out the constitutional aspects of each of the rules at the time of its adoption. There is not the same advocacy proceedings to test a rule when it is adopted as when the trial takes effect.

The Constitution is made for all time and not for one particular period. As time goes on there are new problems and dimensions to life, new practices and ideas.

An attack to a rule may require a study of that rule in the light of these changes. The Court of Appeals, like the Supreme Court, takes an oath to support the Constitution. Unless the Supreme Court has passed upon the constitutional question involved in the appeal this Court would be derelict in its duty if it did not consider the question. Neither would assistance in the enforcement of an unconstitutional rule be in keeping with this oath.

There are several examples of the federal intermediate appellate courts construing the validity of rules espoused by the United States Supreme Court. In Sibbach v. Wilson & Co., 108 F.2d 415 (7th Cir. 1939), the Circuit Court of Appeals recognized that the ultimate question to be determined was the validity of Rule 35(a) of the Rules of Civil Procedure. The federal intermediate appellate court felt no inhibition which would preclude it from entering into an investigation of the validity of the rules espoused by a higher court. When that case was subsequently appealed to the Supreme Court, there was not the slightest attempt to curtail the lower court's jurisdiction in this area. Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed 479 (1940).

Compare the above case with Murphree v. Mississippi Pub. Corp., 149 F.2d 138 (5th Cir. 1945), where the federal intermediate appellate court felt that since their superior court had promulgated the rules they could do nothing other than conclude that the court had the power to do so. That Court of Appeals was properly chastised by the Supreme Court when that same case later reached the Supreme Court:

> "* * * The fact that this Court promulgated the rules as formulated and recommended by the Advisory Committee does not foreclose consideration of their validity, meaning or consistency. * * *" Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444, 66 S.Ct. 242, 90 L.Ed. 185 (1946).

Unless expressly precluded from doing so, common sense would require a court of appeals to decide all of the issues in an appealable case.

Protection of the rights of individuals is the foundation upon which the superstructure of American jurisprudence was constructed. No judicial authority from the Chief Justice of the United States Supreme Court to a Justice of the Peace may emasculate from the Constitution common law rights preserved therein.

I therefore submit that this Court not affirm the conviction of Walter Meek until after due examination of the constitutionality of Rule 27 of the Rules of Criminal Procedure and a determination of whether the enforcement of this Rule under punishment of contempt violates the defendant's constitutional rights.