473 P.2d 455

David J. NICOL, Director of Elections for Maricopa County, Rhea Woodall, Clerk of the Maricopa County Board of Supervisors, and Laurie DuPont Hennicker, real party In Interest, Petitioners,

v.

The SUPERIOR COURT of Arizona, MARI-COPA COUNTY, Honorable Laurens L. Henderson and Charles L. Hardy, Judges thereof; and Alice Brown, Respondent.

No. 10134.

Supreme Court of Arizona,
In Banc.
July 30, 1970.

Cohen, Gerst & Groseclose, by David A. Groseclose, Phoenix, for petitioners.

Langerman, Begam & Lewis, by Jack Levine, Phoenix, for respondent Alice Brown.

McFARLAND, Justice.

This case is before us on a petition for special action in which the petitioners request an order prohibiting the respondents from preventing the placing of Laurie DuPont Hennicker on the official Democratic primary ballot for the office of Justice of the Peace for East Phoenix No. 1 Precinct. This Court, on filing of this petition, ordered a stay of all proceedings in the Superior Court pending hearing.

The respondent Alice Brown filed a complaint in the Superior Court alleging that Laurie DuPont Hennicker had filed a nominating petition for the office of Justice of the Peace, East Phoenix No. 1 Precinct, and that she was not entitled to have her name placed on the ballot, alleging that she was not a qualified candidate

for the reason that she is not a resident and elector of said precinct.

Judge Laurens L. Henderson, acting for Judge Charles L. Hardy, Presiding Judge, issued an ex parte order prohibiting the petitioners from placing "the name of Laurie DuPont Hennicker on the official ballot * * * until further order of this court," and further ordered petitioners to appear before Division 13 of the Superior Court of Maricopa County on the 30th day of July 1970 at 9:00 a. m. to show cause why the said restraint should not be permanent.

The sole question in the instant case is whether the Superior Court had jurisdiction to determine the qualification of petitioner Laurie DuPont Hennicker for election to this office at the present time. Section 11–402, A.R.S., provides:

"§ 11–402. *Qualifications*

"A person shall not be eligible for a county office, whether elective or appointive, nor shall a certificate of election or commission issue to any person, unless he is, *at the time of his election* or appointment, twenty-one years of age or over, a resident of the state, an elector of the county *or precinct* in which the duties of the office are to b~ exercised and able to read and write the English language. The board of supervisors shall be the sole judge of such qualifications, subject to review by certiorari in the superior court." [Emphasis supplied.]"

This section originally appeared in the 1901 Territorial Code, Sections 1048 and 1049.

■ It should be noted, however, that § 11–401, A.R.S.[1], which enumerates the county officers, is devoid of any mention of justices of the peace. But § 11–402, A.R.S., is not limited to those enumerated officers, since it explicitly refers to an officer's qualification as an elector of the precinct in which the duties of such officer are to be carried out. It is evident this includes a justice of the peace and constable. This is made clear by § 22–101, A.R.S., et seq., which established *"Justice Precincts and Precinct Officers,"* and defines such officers as justice of the peace and constable, § 22–102, A.R.S. The current Revised Statutes separated the precinct officers from the statutes relating generally to county officers and qualifications for election. However, in the Code of 1939, the qualifying requirements, the enumeration of county officers and establishment of precincts and precinct officers followed in order in the same article. Art. 5, §§ 17–501–504, Ariz.Code (1939). The same is true of the prior laws; §§ 823–826, Ariz.Rev.Code (1928); Tit. 10, §§ 2500–2506, Ariz.Rev.Stats. (1913); Tit. 14, Chap. 2, 1048 and Chap. 3, §§ 1049–1051, Ariz. Rev.Stats. (1901). In the light of the prior law and in view of the fact that there has been no change, over the years, in the substance of the pertinent statutes (except for the mentioned divisio.. into different titles), the conclusion is inevitable that the legislature intended that the provisions of § 11–402, A.R.S., continue to apply to justices of the peace as well as the enumerated officers in § 11–401.

These sections, as they now appear in the Revised Arizona Statutes, appeared in substantially the same form in the statutes of 1901, 1913, 1928, and 1939. In each it is specifically provided that the Board of Supervisors shall be the sole judges of the qualifications of candidates for county office, including candidates for precinct office, subject to review by certiorari in the Superior Court; and specifically providing that a person shall not

1. § 11–401. Enumeration of officers
   A. The officers of the county are:
   1. Sheriff.
   2. Recorder.
   3. Treasurer.
   4. School superintendent.
   5. County attorney.
   6. Assessor.
   7. Supervisors.
   8. Clerk of the board of supervisors.
   9. Tax collector.
   10. Clerk of the superior court.
   B. The county treasurer shall be ex officio tax collector.

be eligible " * * * unless he is at the time of his election * * * a resident of the state and an elector of the county or precinct in which the duties of the office are to be exercised. * * * " In the instant case this would be the justice court precinct, East Phoenix No. 1. The legislature specifically set the time of the election as the date of this qualification. In § 16–1201, A.R.S., which sets forth grounds for contest of election, it is provided:

"ARTICLE 1. IN GENERAL

"§ 16–1201. *Contest of state election; grounds; venue*

"A. Any elector of the state may contest the election of any person declared elected to a state office, or declared nominated to a state office at a primary election, or the declared result of an initiated or referred measure or a proposal to amend the constitution of Arizona, or other question or proposal submitted to vote of the people, upon any of the following grounds:

* * * * * *

"2. That the person whose right to the office is contested *was not at the time of the election eligible to the office.*" [Emphasis supplied.]

■ The legislature, in this section, recognized that the time of eligibility must be at the time of election. The only exception to this provision is the constitutional provision relating to the election of certain judges (not including justices of the peace) which set the date of taking office as the time of qualification. Art. VI, §§ 6 and 22, Ariz.Const., A.R.S. This is also consistent with the date for qualification of other state officers in the executive and legislative branches as being the date of election. Art. IV, pt. 2, Sec. 2; Art. V, Sec. 2, Ariz.Const.

Sections 11–402 and 16–1201, A.R.S., also conform with Art. VII, Sec. 15, of the Constitution of Arizona which provides:

"§ 15. *Qualifications for public office*

"Section 15. (Officers to be qualified voters.) Every person elected or appointed to any office of trust or profit under the authority of the state, or any political division or any municipality thereof, shall be a qualified elector of the political division or municipality in which said person shall be elected or appointed; provided, however, that this section shall not apply to the city manager in incorporated cities operating under a city manager form of government. As amended, election Nov. 5, 1912, eff. Dec. 5, 1912; election Nov. 2, 1948, eff. Nov. 22, 1948."

It will be noted this constitutional provision states "every person elected or appointed * * * shall be a qualified elector of the political division * * * in which said person shall be elected or appointed." Section 11–402, A.R.S., fixes the time of such qualification as the "date of election." At no place in the Constitution, or in the statutes, is there any provision that qualifications can be determined at any date prior to the election. The candidate would have to be qualified by the date of election.

The case of Findley v. State Election Board of Oklahoma (Okl.), 325 P.2d 1037, is analogous to the instant case. In Findley, the question was whether the qualifications had to be met prior to the primary election or prior to the general election. The pertinent part of the facts and decision are as follows:

"It is apparent that there is no dispute as to the principal facts before us. The issues on which the parties disagree involve a proper construction of the applicable provisions of our State Constitution and statutory provisions defining the qualifications and eligibility of candidates for the office of Attorney General.

Article VI, Section 1 of our State Constitution creates the office of Attorney General and Article VI, Section 3, provides the qualifications of a candidate

for such office, the material part of which is as follows:

" 'No person shall be eligible to the office of * * * Attorney General * * * except a citizen of the United States of the age of not less than thirty-one (31) years and who shall have been ten (10) years next *preceding his or her election,* a qualified elector of this State. * * *' [Emphasis Supplied.]

"The above provision provides that for one to be eligible for the office of Attorney General, he must be a citizen of not less than 31 years of age next preceding ' * * * his or her election, a qualified elector of this State.' Does this mean that such person must have met the above requirements, (thirty-one years of age and ten years next preceding his or her election, a qualified elector of this State) prior to his election or should he meet these dual requirements prior to any primary election? In a primary election one is only nominated, if successful, and not elected to the office he seeks. He can only be elected at the General Election.

"Under the facts before us petitioner will meet the two necessary requirements prior to the General Election in November, 1958, when he or some other candidate will be 'elected' and not merely 'nominated.' We can only conclude that Article VI, Section 3, supra, means that *the eligible qualifications provided therein mean that a candidate must meet these qualifications when elected at the General Election, and not at a primary election* whereby a candidate may only be nominated as a candidate for election at the General Election. [Emphasis supplied.]

*       *       *       *       *       *

"The petitioner has all of the qualifications to make him 'eligible' if that word as used in 26 O.S.1951 § 162, means now possessing the ability to be finally elected, and as thus construed it would not conflict with our Constitution. Max Findley

will be over 31 years of age by the date of the General Election in November, 1958, and will then have been a qualified elector for over ten years next preceding the date of the General Election. The passing of time is inevitable, and that will make petitioner eligible to be elected Attorney General."

Of course, in the instant case, more than the mere passage of time is necessary. The petitioner must qualify as an elector in the precinct in which she seeks election in accordance with § 16–101, et seq. While we do not pass on the question here, there is authority that a name will be excluded from the primary ballot if the potential candidate cannot, in any way, qualify by the time of the election. Immediately subsequent to ¯indley, supra, the Oklahoma court, and without reference to Findley, refused to permit a candidate's name to be placed on the primary ballot because he had been disenfranchised as an elector by conviction of a felony and obviously could not possibly qualify at the time of election. Braly v. Wingard, (Okl.) 326 P.2d 775. See also Burns v. Wiltse, 303 N.Y. 319, 102 N.E.2d 569; Grieco v. Bader, 43 Misc.2d 245, 250 N.Y.S.2d 841, aff'd. 21 A.D.2d 751, 252 N.Y. S.2d 51. However, there is no allegation nor indication that it is impossible for the petitioner here to satisfy the requirements of § 11–402, A.R.S., prior to the date of election. Nor is § 16–504, A.R.S.—referred to by respondent Alice Brown in her Answer to the Petition—applicable to the instant case. This section relates to general election laws as being applicable to primary elections, but at no place in this section are the qualifications of candidates mentioned.

The legislature, in its wisdom, has throughout these years evidently refrained from passing legislation permitting such actions as in the instant case. It was not deemed advisable to permit lawsuits of this nature to be filed at the last minute prior to the printing of ballots for the election, which would bring the election machinery to a halt and inject the courts into the po-

litical arena. The machinery and the time for bringing such proceedings is plainly set forth in the statute. The action of the respondent is therefore premature, and proper procedure has not been followed.

The order of the Superior Court is vacated, and a peremptory writ of prohibition restraining respondents from preventing the placing of the name of petitioner Laurie DuPont Hennicker on the official Democratic primary ballot for the office of justice of the peace, East Phoenix Precinct No. 1, is hereby ordered issued.

LOCKWOOD, C. J., UDALL, J., and FRANCIS J. DONOFRIO, Judge Court of Appeals, Division 1, concur.

NOTE: Justice FRED C. STRUCK-MEYER, Jr., disqualified himself from participation in this opinion. Judge FRANCIS J. DONOFRIO acted in the absence of Justice JACK D. H. HAYS.