927 P.2d 338

Janice Feinberg MASSEY, an individ-
ual and qualified elector, Peti-
tioner/Plaintiff/Appellant.

v.

The Honorable Betsy BAYLESS, Don
Stapley, Tom Rawles, Ed King, Mary
Rose Wilcox, the duly elected or ap-
pointed members of the Maricopa Coun-
ty Board of Supervisors, who are named
solely in their official capacity; the
Maricopa County Board of Supervisors;
the Honorable Helen Purcell, the duly
elected Maricopa County Recorder, who
is named solely in her official capacity,
and the Honorable Karen Osborne, the
duly appointed Maricopa County Di-
rector of Elections, who is solely named
in her official capacity; Jacqueline B.
McVay, an individual and real party in
interest, Respondents/Defendants/Appel-
lees.

No. CV 96–0390–AP.

Supreme Court of Arizona,
In Division.

Sept. 12, 1996.

Redesignated as Opinion and
Publication Ordered Nov. 22, 1996.

Williams & Associates by Scott E.
Williams, Scottsdale, for Janice Feinberg
Massey.

Richard Romley, Maricopa County Attor-
ney, Division of County Counsel by Shawn H.
Nau, Phoenix, for Respondents.

Bryan Cave, L.L.P. by Mark I. Harrison,
Neil Vincent Wake, Phoenix, for Real Party
in Interest, Jacqueline B. McVay.

OPINION

TOCI, Judge.*

I.

The facts of this case are uncontested.
Jacqueline McVay is a candidate for the of-
fice of justice of the peace in the Northeast
Phoenix Justice Court Precinct in Maricopa
County. She does not hold a law degree and
is not licensed to practice law in Arizona.
Janice Massey, an attorney, is a candidate
for the same office. On July 5, 1996, Massey
filed an action in superior court to enjoin
county officials from placing McVay's name
on the ballot, contending that under the Ari-
zona Constitution justices of the peace are
required to be attorneys. The trial court
granted McVay's motion to dismiss and de-
nied Massey's motion for judgment on the
pleadings. This appeal followed. We have
jurisdiction pursuant to Arizona Revised
Statutes Annotated ("A.R.S.") section 16–
351(A) (1996).

---

* Philip E. Toci, Vice Chief Judge of the Arizona
Court of Appeals and Thomas C. Kleinschmidt,
Judge of the Arizona Court of Appeals, were
designated by the Chief Justice of the Arizona
Supreme Court to participate in this matter pur-
suant to Ariz. Const. art. VI, § 3.

## II.

■ Because this issue involves the interpretation of the Arizona Constitution, we review the trial court's decision *de novo*. *Prince v. City of Apache Junction*, 185 Ariz. 43, 45, 912 P.2d 47, 49 (App.1996). We begin with Article 6, section 22, of the Arizona Constitution, which states:

Judges of the superior court, intermediate appellate courts *or courts inferior to the superior court* having jurisdiction in civil cases of one thousand dollars or more, exclusive of interest and costs, established by law under the provisions of section 1 of this article, shall be ... admitted to the practice of law in ... the State for five years next preceding their taking office.

(Emphasis added.)

■ Massey argues that the language in Article 6, section 22, referring to "courts inferior to the superior court" includes justice courts. She contends that because Article 6, section 32, of the Arizona Constitution sets the maximum civil jurisdiction of justice courts at ten thousand dollars, and A.R.S. section 22–201(B) (Supp.1995) provides that justice courts have civil jurisdiction of cases involving amounts less than five thousand dollars, Article 6, section 22, mandates that justices of the peace be admitted to the practice of law in Arizona. We disagree.

The Arizona Constitution makes it clear that justice courts are not the same as "courts inferior to the superior court." Section 1 of Article 6 proclaims, "The judicial power shall be vested in an integrated judicial department consisting of a Supreme Court, such intermediate appellate courts as may be provided by law, a superior court, such courts inferior to the superior court as may be provided by law, *and* justice courts." (Emphasis added.) This distinction between justice courts and "courts inferior to the superior court" is reflected throughout Article 6, which establishes the judicial department. *See* Ariz. Const. art. 6, § 16 (superior court has "appellate jurisdiction in cases arising in justice and other courts inferior to the superior court as may be provided by law"); Ariz. Const. art. 6, § 26 ("The oath of all judges of courts inferior to the superior court and the oath of justices of the peace"); Ariz. Const. art. 6, § 32 ("the jurisdiction, powers and duties of courts inferior to the superior court and of justice courts, and the terms of office of judges of such courts and justices of the peace shall be as provided by law.").

Massey contends that this court determined in *Justice Court of Tempe v. Keswick*, 102 Ariz. 536, 433 P.2d 984 (1967), that justice courts were courts inferior to the superior court. In *Keswick*, we held that a justice court exceeds its jurisdiction when it attempts to alter an existing superior court order. *Id.* at 539, 433 P.2d at 987. In doing so, we stated, "[t]o hold otherwise would be to allow an inferior court to impute the verity of a judgment of a higher court." *Id.* Our use of the word "inferior," however, was not an attempt to define the term "courts inferior to the superior court" as it is used in Article 6 of the Arizona Constitution. We used the word "inferior" to refer generically to any court that is below another. Accordingly, we find that *Keswick* does not controvert our interpretation of Article 6, section 22.

Massey asserts that *Crouch v. Justice of Peace Court*, 7 Ariz.App. 460, 440 P.2d 1000 (1968), dictates that we rely solely on the language of Article 6, section 22, to determine whether justices of the peace must be admitted to the practice of law. *Crouch*, however, is distinguishable. The question before the court of appeals in *Crouch* was not whether the civil jurisdictional limits of justice courts established by A.R.S. section 22–201(B) mandated that justices of the peace be admitted to the practice of law. Rather, the issue was whether a criminal defendant was denied due process by having a justice of the peace, who was not admitted to the practice of law, instruct the jury as to the law. *Id.* at 464, 440 P.2d at 1004.

In determining the issue raised in *Crouch*, the court of appeals noted that the jurisdictional limit of the justice courts was less than the jurisdictional limit for courts inferior to the superior court set forth in Article 6, section 22. Based on that analysis, the court concluded that a justice of the peace was not required to be admitted to the practice of law. *Id.* at 465, 440 P.2d at 1005. The court never considered the issued raised here— whether justice courts fall within the Article 6, section 22 definition of "courts inferior to the superior court." Consequently, *Crouch* does not control this case.

Moreover, in *Nicol v. Superior Court*, 106 Ariz. 208, 210, 473 P.2d 455, 457 (1970), we noted that certain constitutional provisions, including Article 6, section 22, did not apply to justices of the peace. Contrary to Massey's implication, we did not arrive at our decision in *Nicol* on the basis of the jurisdictional limit of the justice courts.

We hold that Article 6 of the Arizona Constitution distinguishes between "courts inferior to the superior court" and justice courts. Because Article 6, section 22, refers only to "courts inferior to the superior court," it does not apply to justice courts. Consequently, justices of the peace are not bound by its requirement and, hence, are not required to be admitted to the practice of law.

McVay requests attorney's fees on appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure. Because we do not find Massey's appeal to be frivolous, we deny this request.

For the foregoing reasons, we affirm.

ZLAKET, V.C.J., and KLEINSCHMIDT, J.,** concur.

** Philip E. Toci, Vice Chief Judge of the Arizona Court of Appeals and Thomas C. Kleinschmidt, Judge of the Arizona Court of Appeals, were designated by the Chief Justice of the Arizona Supreme Court to participate in this matter pursuant to Ariz. Const. art. VI, § 3.