398 P.2d 903

**STATE of Arizona, Appellee,**

v.

**Cannibal WHITE, Appellant.**

**No. 1382.**

Supreme Court of Arizona.

En Banc.

Feb. 4, 1965.

Robt. W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

Patrick Eldridge and Ronald G. Cooley, Phoenix, for appellant.

UDALL, Justice.

Defendant Cannibal White was tried by the Court without a jury pursuant to Art.

**198**

6, § 17 of the Arizona Constitution, A.R.S., in the Superior Court of Maricopa County for two counts of second degree rape. From the judgment of conviction and sentence defendant brings this appeal.

The record discloses that defendant entered the bedroom of his apartment in Phoenix with the prosecutrix, a 16 year old female of unchaste character. The prosecutrix testified she had sexual intercourse with defendant along with others at defendant's apartment on December 8 and 30, 1962. Her testimony was corroborated in so far as two witnesses testified they saw defendant enter the bedroom where the prosecutrix was, although they did not witness the crime. Some time following the last incident above, the prosecutrix charged defendant with statutory rape.

At the conclusion of his trial, the case was taken under advisement and on the following day, May 2, 1963 in the absence of the defendant he was found guilty by the court. Defendant was subsequently sentenced to serve a term of 20 to 25 years in the State Prison.

Defendant assigns as error the trial court's refusal at defendant's request to exclude all spectators from the court room and to lock the court room doors during the trial. The record discloses the trial judge did, in his discretion limit the spectators because of the nature of the case in partial compliance with defendant's request. Defendant however demanded a secret trial.

 There is no question an accused has a right to a public trial. Ariz.Const. Art. 2, § 24. However, here defendant is claiming he has a right to a secret trial. We find no merit in such an argument. The community is deeply interested in the right to observe the administration of justice and we feel the presence of its members at a public trial is as basic as that of a defendant. This in no way, however, deprives the trial court, in its sound discretion, to make reasonable exclusion orders consistent with the rights of an accused in a proper case in the interest of public morals or safety. In this case the trial court did exercise its discretion and limited the spectators in response to the request of the defendant. However, the fact that the trial court did not give defendant a secret trial as he requested violated no recognized right of the defendant. For an exhaustive judicial treatment of this precise question see E. W. Scripps Company v. Fulton, 100 Ohio App. 157, 125 N.E.2d 896 (1955). We find this assignment of error without merit.

 Defendant next assigns as error the trial court's failure to grant his motion for a directed verdict on the grounds that the prosecutrix' age was not established as being under eighteen. Although there was testimony that the prosecutrix represented her age on other occasions to be nineteen, she did testify at the trial that she was 16 years old and was born on September 3, 1946. Her sister also testified to the fact

that the prosecutrix was sixteen and this testimony was not impeached, and defendant introduced no evidence to the contrary. On appeal from a judgment of guilty, the reviewing court must view the evidence in the strongest light in favor of the verdict. State v. Merryman, 79 Ariz. 73, 283 P.2d 239 (1955). The prosecutrix' age was a fact question and the fact finder under sufficient evidence determined it to be under eighteen years. We find this assignment of error without merit.

■ Defendant last assigns as error the fact that neither he nor his counsel were present when the court found him guilty. Defendant contends that Criminal Rule 231(A) (7), 17 A.R.S., which requires a defendant to be present at the rendition of the verdict, is applicable to the present case where the court sitting without a jury rendered the "verdict" of guilty.

The Arizona law is clear that a defendant has a right to be present at the rendition of the verdict. Criminal Rule 231; Art. 2, § 24, Arizona Constitution. Also, if convicted, judgment and sentence cannot take place until at least three days later unless the defendant waives this right. Criminal Rule 324. In this case the trial court found the defendant guilty on May 2, 1963 after having the case under advisement. The defendant was not present at this time nor was he notified that such an occurrence would take place. A bench warrant issued for his arrest and he was subsequently before the trial court for sentencing on May 7, 1963. At this appearance the court informed the defendant it was the judgment of the court that he, Cannibal White, was guilty of rape, second degree, two counts, by reason of the ruling of the court. At this time defense counsel moved that the time for sentencing be continued. This motion was denied and the court proceeded to sentence defendant.

Clearly the court erred in finding the defendant guilty in his absence on May 2d, 1963. The court also erred in denying defendant's motion for a continuance on May 7, 1963 when the judgment and sentence was pronounced.

Since the defendant was not present on May 2d when the court found him guilty, the cause must be remanded for a pronouncement of a finding of defendant's guilt or innocence in defendant's presence. If found guilty he then must be given the minimum time, pursuant to Criminal Rule 324, to make any motions he may be entitled to make under the law. This will give defendant an opportunity to make a showing in mitigation of the sentence.

Judgment and sentence vacated and cause remanded for proceedings not inconsistent with this opinion.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and BERNSTEIN, JJ., concur.