UNITED STATES of America ex rel.
Anthony BRUNO, Petitioner-
Appellee,

v.

Ross E. HEROLD, M.D., Director of Dan-
nemora State Hospital, Dannemora,
New York, Respondent-Appellant.

No. 155, Docket 30196.

United States Court of Appeals
Second Circuit.

Argued Sept. 23, 1966.

Decided Oct. 26, 1966.

See also D.C., 233 F.Supp. 546;
D.C., 246 F.Supp. 363.

F. Redmond Griffin, Troy, N. Y.
(Smith, Pattison, Sampson & Jones,
Troy, N. Y., on the brief), for petitioner-
appellee.

Iris A. Steel, Deputy Asst. Atty. Gen.
(Louis J. Lefkowitz, Atty. Gen. of New
York, Samuel A. Hirshowitz, First Asst.
Atty. Gen., Joel Lewittes, Asst. Atty.
Gen., New York City, on the brief), for
respondent-appellant.

Before WATERMAN, MOORE and
ANDERSON, Circuit Judges.

PER CURIAM:

In a habeas corpus proceeding before
Chief Judge Foley of the United States

District Court for the Northern District of New York the judge, on October 14, 1965, after a hearing at which only the petitioner testified and where the petitioner was subject to persistent questioning by the People, held that the judgment of conviction petitioner challenged was void because petitioner had been denied a public trial by the unexplained act of the state trial judge during trial in clearing the courtroom of all persons except those in the jury box. The state trial record does not contradict petitioner's testimony; and the affidavits of the trial judge, prosecutor, and defense counsel, all of which Judge Foley considered, see 28 U.S.C. § 2246, were all similar in stating that the three of them had no personal recollection of the exclusion order.

The People filed on November 5, 1965, a timely notice of appeal from this order and docketed the record in this court on December 17, 1965. After jurisdiction over the case in the district court was lost to that court, the People then, on January 11, 1966, moved in the district court, pursuant to Fed.R.Civ.P. 60(b) (6) to be relieved of the order of October 14, 1965, attaching to the motion papers affidavits of the judge, prosecutor and defense counsel that each of them had had their memories refreshed, now remembered the incident, and that no objection was made to the clearing of the courtroom.

Judge Foley, recognizing that the case was no longer in his court, but in the appellate court, but following the suggestion contained in Ryan v. United States Lines Co., 303 F.2d 430 (2 Cir.1964), considered this additional material as if properly before him.

He reiterated his former result and filed an additional opinion. He ordered that the new material and later opinion be joined with the record in the Court of Appeals if this court was of the belief it would be proper to do so. The petitioner argues that the affidavits are not a part of the record and are improperly before this court. He at no time consented to their use.

As in the present case, the trial judge in *Ryan* denied the Rule 60(b) motion but we then said, " * * * considerations of judicial efficiency * * impel us to review [the trial judge's] conclusion on this appeal from the original judgment"; and this was done in spite of the fact that the decision of the trial court, subsequent to the docketing of the case in this court, could not be reversed by this court as an appealable order or judgment. We have, therefore, given consideration to the material sent with but not a part of the original record of the case as it was docketed in this court. For the limited purpose of this review the statements in the affidavits and the reasonable inferences to be drawn therefrom must be considered as true.

On the basis of that assumption it is apparent that the act of the judge of the state court in clearing the courtroom was well within his discretion. It was reasonable for him to conclude that he was confronted with a situation where the principal witness for the state had been intimidated and was likely to be further intimidated by the mere presence of certain persons, whom the judge could not specifically identify, so that the orderly proceeding of the state court trial would be completely stultified. Under the circumstances a denial by the court below of the Rule 60(b) motion went beyond the range of permissible discretion. The constitutional right to a public trial is subject to the power of the judge to preserve the fairness and orderliness of the proceedings of the court. United States ex rel. Orlando v. Fay, 350 F.2d 967 (2 Cir. 1965).

It may well be that on rehearing with a full opportunity to both parties to examine and cross-examine witnesses and offer other evidence, the trial court may find the facts to be quite different from those herein assumed for the purpose of testing the denial of the Rule 60(b) motion, and in rendering this decision we do not intend to prejudge that factual issue.

The order of the district court is reversed and the case is remanded for rehearing.

MOORE, Circuit Judge (concurring):

I concur in the *per curiam* opinion because I would not ever oppose a full exploration of the determinative facts. However, in my opinion, the broadest discretion should be given to the trial judge who is in a position to sense and appraise the courtroom situation before him and to take such action as may be necessary to secure a fair trial. Federal courts should be reluctant to substitute their judgments, based only on a printed record and long after the event, as to the action which should or should not have been taken by the state trial judge with respect to the necessity for clearing the courtroom. Furthermore, the defendant Bruno (relator here) was represented by counsel skilled and experienced in the defense of criminal cases who was aware of the circumstances which prompted the court's action and who felt that an objection under such circumstances would not have been warranted. See this court's decision in United States v. Brown, 2 Cir., 247 F.2d 332, 339 (1957). See also United States v. Sorrentino, 175 F.2d 721, 723 (3 Cir., 1949), cert. denied 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532 (1949).