495 P.2d 463

**STATE of Arizona, Appellee,**

**v.**

**Otis DURHAM, Appellant.**

**No. 2247.**

Supreme Court of Arizona,
In Banc.

April 7, 1972.

**234**

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Defendant, Otis Durham, was tried and found guilty of the crime of possession of narcotics, a felony. He appeals from the conviction and sentence, urging that the narcotic involved in the case was seized from him in violation of his rights under the Fourth Amendment to the Constitution of the United States.

The evidence established that a Phoenix police officer, Roy Foltz, was assigned to an area in which a liquor establishment called the Top's Bar was located. On July 10, 1970, another Phoenix police officer received a telephone call from an informant who told him that the defendant was selling heroin in the Top's Bar. The informant stated that the method of operation was for the defendant to wait in the back room of the bar, a pool room, while a companion, whose name was Hutton, stood out on the sidewalk and made the contact for the sale; that the defendant kept the narcotics on his person in a cigarette package, and when a sale of heroin was made Hutton went into the bar and obtained the narcotics from the defendant. The police officer to whom this information was given passed it along to Officer Roy Foltz.

On the following day, shortly before noon, Officer Foltz went to the Top's Bar. He noticed that Hutton took up a position on the sidewalk in front of the bar. He then went into a pool room behind the bar and found the defendant watching television. He engaged the defendant in conversation, the substance of which was that he, Foltz, knew that defendant was selling heroin. The defendant said that he had heroin for his own use, but that he was not selling it.

At that time, the defendant was wearing what is described in the testimony as a "see through" type of shirt. Officer Foltz saw a cigarette pack in his left breast pocket which was flat at the top but had a bulge at the bottom. Officer Foltz extended his hand toward the defendant's pocket, whereupon the defendant ran. Officer Foltz chased the defendant, overtaking him just outside the street door, where he physically subdued him with a throat choke. The cigarette pack had seven "balloons," each containing heroin.

Prior to trial, the defendant moved to suppress the heroin as the product of an illegal search, and a hearing was held on the motion. At its conclusion, the motion was denied. At the hearing on the motion to suppress, Officer Foltz testified that when he talked to the defendant at the pool hall back of the bar, "I told him that I knew he was dealing, and that also I'd just been told that he did not bother to hide his stash when I walked in. And he said, 'I am not dealing, I only have enough for my own use.'" Later, Officer Foltz enlarged on his testimony:

"Q Officer, when you had this conversation with Otis Durham inside Big John's [the pool room] when he said words to the effect 'I only hold for myself,' or 'my own use,' did you understand what he was referring to?

A I think I did.

Q What did you understand by that?

A Well, I understood him to mean that he did not have enough—

Q Go ahead.

A Either he did not have enough to sell or he did not sell any, he just kept with him what he used."

It is the State's basic position that probable cause to arrest the defendant developed during the course of the conversation between Officer Foltz and the defendant, and that, as an incident to a valid arrest, the search of the defendant's person was permissible.

An arrest without a warrant is authorized when an officer has reasonable grounds to believe a felony has been or is

being committed and that the person to be arrested has committed or is committing it, A.R.S. § 13–1403, subsec. 4. A search and seizure of evidence relating to a crime at the time of an arrest is lawful, State v. Intogna, 101 Ariz. 275, 419 P.2d 59 (1966). In the instant case, when the defendant told Officer Foltz that he only had enough for his own use and Officer Foltz understood this to mean that "he just kept with him what he used," defendant was then violating A.R.S. § 36–1002, subsec. A, providing in substance that every person who possesses any narcotic drug other than marijuana, except upon written prescripion of a physician, is guilty of a felony. This admission, alone, justified an immediate arrest.

■ The sum of all the evidence establishes that Officer Foltz had more than reasonable grounds to believe a felony was being committed and that defendant was committing it. Officer Foltz was in possession of information both that defendant and his companion were dealing in narcotics and the method they employed to consummate the sale. He confirmed this information as accurate by finding the defendant's companion waiting outside the bar and the defendant waiting inside. The information was further confirmed by a visual examination of the defendant when Officer Foltz observed a cigarette package, flat at the top and bulging at the bottom, in defendant's pocket. When this evidence is coupled with the defendant's statement, "I am not dealing, I only have enough for my own use," probable cause to support an arrest without a warrant is evident. A prudent man in the shoes of Officer Foltz would have seen and heard enough to permit him to believe that defendant was violating the law.

■■ Officer Foltz testified that he did not arrest the defendant until after he looked into the cigarette pack. Defendant argues, therefore, that there was never any arrest in this case until after discovery of the heroin, and that the seizure of the heroin was the cause and was not an incident of the arrest. But we think this argument is simply an exercise in semantics. An arrest can be completed by the utterance of words advising the person to be arrested that he is under arrest, followed by submission to custody or control, or by the actual physical restraint of a person without the pronouncement of the formula words "you are under arrest." State v. Vaughn, 12 Ariz.App. 442, 471 P.2d 744. Here, the defendant attempted to flee, but was pursued by Officer Foltz, who forcibly subdued him outside the building. The arrest then became an accomplished fact, and the seizure of the narcotics thereafter was a valid incident of this arrest. As the Supreme Court of the United States said in Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959):

> "When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete."

Defendant also argues that after receipt of the informer's story and prior to his arrest there was ample time for the police to obtain a search warrant and, consequently, the use of the narcotics against him at the trial was constitutionally impermissible as the product of an unreasonable search and seizure. We do not, however, consider that the posture of this case required the issuance of a valid search warrant upon which to predicate the seizure of the heroin. As stated, a lawful search and seizure can be an incident of a lawful arrest. When the hearsay information supplied to the police was personally confirmed and suspicion became a certainty, there was probable cause to make an arrest.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.