3 P.3d 1016

The STATE of Arizona, Appellant,

v.

Jaime Damian BONILLAS, Appellee.

No. 2 CA–CR 99–0137.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 9, 1999.

Barbara LaWall, Pima County Attorney by Elizabeth Tyszko, Tucson, for Appellant.

Law Offices of Rafael F. Gallego by Rafael F. Gallego, Tucson, for Appellee.

## OPINION

HOWARD, Judge.

¶ 1 The state appeals from the trial court's order granting appellee Jaime Damian Bonillas's motion to suppress cocaine that an officer found when he conducted a pat-down search of Bonillas for identification before arresting him for violating A.R.S. § 28–1595(B), failure to provide an operator's license or evidence of identity. The court found that there was no probable cause to arrest Bonillas and that, even if there was probable cause, the search was impermissible because it occurred before the arrest. Because we conclude that the officer had probable cause to arrest Bonillas for violating § 28–1595(B) and that the search was permissible, we reverse.

¶ 2 In reviewing a trial court's ruling on a motion to suppress evidence, we give deference to the trial court's factual findings, *State v. Blackmore*, 186 Ariz. 630, 632, 925 P.2d 1347, 1349 (1996), but review de novo legal issues and mixed questions of fact and law. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, 920 (1996); *Blackmore*, 186 Ariz. at 632, 925 P.2d at 1349; *State v. Fodor*, 179 Ariz. 442, 448, 880 P.2d 662, 668 (App.1994). An officer stopped Bonillas for a traffic violation and requested his driver's license. Bonillas, a

licensed operator, did not have his license or any other form of identification with him.[1] Bonillas did comply, however, with the officer's request that he write down his name and birth date. The officer, whose practice was to arrest, rather than to issue a citation and release, drivers who failed to provide him identification, patted down Bonillas in search of a license or other identification. In the course of that search, the officer found cocaine in Bonillas's pocket and arrested him for failure to provide a driver's license and for possession of cocaine.

¶ 3 We first address the trial court's finding that the officer had lacked probable cause to arrest Bonillas because Bonillas had "complied with [§ 28–1595(B)] to the extent he was asked to do so" by writing down his name and birth date. An officer may arrest an individual if the officer has probable cause to believe the individual has committed a misdemeanor in the officer's presence. A.R.S. § 13–3883(A)(2) and (4). Under § 28–1595(B), "the operator of a motor vehicle" who is stopped by an officer must

> exhibit the operator's driver license as required by [A.R.S.] § 28–3169 or a driver who is not licensed [must] provide evidence of the driver's identity on request.... The evidence of identity that is presented shall contain all of the following information:
> 1. The driver's full name.
> 2. The driver's date of birth.
> 3. The driver's residence address.
> 4. A brief physical description of the driver, including the driver's sex, weight, height and eye and hair color.
> 5. The driver's signature.

¶ 4 The trial court interpreted § 28–1595(B) to require that Bonillas supply either a valid operator's license or evidence of identity. In interpreting a statute, we first look to its language as the best indication of its meaning. *State v. Mahaney*, 193 Ariz. 566, ¶ 12, 975 P.2d 156, ¶ 12 (App.1999). The clause that requires the display of a license refers to an "operator" and the "operator's driver license" while the clause that requires evidence of identity refers to a "driver" and "evidence of the driver's identity." The plain language of the statute, therefore, requires that a licensed operator display a license and that an unlicensed driver supply evidence of identity. Moreover, this interpretation is consistent with the language of A.R.S. § 28–3169(A) (formerly A.R.S. § 28–423), which requires that licensees have their licenses in their immediate possession when operating a motor vehicle and that a licensee produce the license when requested to do so by an officer. *See State v. Cid*, 181 Ariz. 496, 499, 892 P.2d 216, 219 (App.1995) (statutes in pari materia read together and harmonized whenever possible).

¶ 5 Furthermore, in interpreting a statute, we presume that the legislature is aware of the existing case law and that, if it revises a statute and retains the language on which we have based our decisions, the legislature agrees with our interpretation of the statute. *State v. Superior Court*, 104 Ariz. 440, 442, 454 P.2d 982, 984 (1969); *State v. Aro*, 188 Ariz. 521, 524, 937 P.2d 711, 714 (App.1997); *State v. Pennington*, 149 Ariz. 167, 168, 717 P.2d 471, 472 (App.1985). In *State v. Boudette*, 164 Ariz. 180, 182, 791 P.2d 1063, 1065 (App.1990), Division One of this court found that a portion of former A.R.S. § 28–1075(B), the predecessor of § 28–1595(B),[2] was unconstitutionally vague because it did not delineate what type of "evidence of ... identity" would suffice for an unlicensed driver to avoid violating the statute. But the court, noting that "[t]he thrust of Part B of this statute is to penalize motorists who refuse to display their driver's licenses or, if they do not have licenses, who

---

1. Bonillas's counsel's statement that "[Bonillas] provided the officer with his Pima Community College Identification card," is supported by nothing more than Bonillas's prior attorney's statements made in the motion to suppress and reply. This is not evidence. And it is contradicted by actual evidence which was presented at the suppression hearing.

2. Former § 28–1075 was repealed, *see* 1995 Ariz. Sess. Laws, ch. 132, § 1, and replaced by former A.R.S. § 28–3795, *see* 1995 Ariz. Sess. Laws, ch. 132, § 3, which was renumbered and amended as the current version of § 28–1595. *See* 1996 Ariz. Sess. Laws, ch. 76, §§ 6 and 43.

refuse to give other identifying information," upheld the remainder of subsection (B), concluding that "the part of A.R.S. § 28–1075(B) that declares [an operator] who fails or refuses to exhibit his license (as required by [then] § 28–423) upon being stopped to be guilty of a class 2 misdemeanor is constitutional and may stand."[3] *Boudette*, 164 Ariz. at 182–83, 791 P.2d at 1065–66.

¶ 6 The legislature amended former § 28–1075(B) in 1995, addressing the unconstitutional portion of the subsection by specifically delineating what type of evidence of identity is required for an unlicensed driver to avoid violating the statute. 1995 Ariz. Sess. Laws, ch. 286, § 8. But the legislature made no changes that would affect Division One's interpretation of the statute as it applies to licensed operators. *Id.* We presume, therefore, that the legislature accepted that interpretation. *See State v. Superior Court; Aro; Pennington.*

 ¶ 7 Because Bonillas failed to provide the officer with his operator's license, the officer had probable cause to arrest him, whether or not he provided additional identification. *See* §§ 28–1595(B); 13–3883(A)(2) and (4). That the officer had the discretion to issue a citation and release Bonillas rather than to arrest him is of no moment. *See State v. Pickett*, 126 Ariz. 173, 174, 613 P.2d 837, 838 (App.1980) ("[C]itation field release procedure is optional, not mandatory."). Additionally, the search for identification was permissible, even though it occurred before the arrest, because the officer had probable cause to arrest Bonillas at the time he initiated the search. " 'If an officer has sufficient information from which he would make an arrest and, as an incident to that arrest, makes a lawful search, the search is not unreasonable if made before instead of after the arrest.' " *State v. Weinstein*, 190 Ariz. 306, 311, 947 P.2d 880, 885 (App.1997), *quoting State v. Clevidence*, 153 Ariz. 295, 300, 736 P.2d 379, 384 (App.1987). *See State v. Valenzuela*, 121 Ariz. 274, 275, 589 P.2d 1306, 1307 (1979); *State v. Carroll*, 111 Ariz. 216,

219, 526 P.2d 1238, 1241 (1974); *State v. Baker*, 26 Ariz.App. 255, 258, 547 P.2d 1055, 1058 (1976). *See also State v. Susko*, 114 Ariz. 547, 549, 562 P.2d 720, 722 (1977) (permissible to search defendant's wallet after arrest to determine identity).

¶ 8 The trial court erred in granting the motion to suppress. We therefore reverse its ruling.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and J. WILLIAM BRAMMER, Jr., Presiding Judge.

---

**3.** Bonillas contends that the court in *Boudette* construed the statute to require licensed drivers without licenses in their possession to produce evidence of their identity. Although *Boudette* contains language that might support that contention, we believe the court held that the statutory requirements were different for licensed operators and unlicensed drivers.