NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NATHANIAL WILLIAMS, *Appellant.*

No. 1 CA-CR 14-0675
FILED 8-25-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-461405-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Chris DeRose
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Lawrence F. Winthrop joined.

J O H N S E N, Judge:

¶1            Nathanial Williams appeals his conviction of possession or use of marijuana, a Class 6 felony, and resulting probation grant, arguing the superior court erred in denying his motion to suppress evidence.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            A detective and his partner on patrol one night in South Phoenix stopped a vehicle with a broken taillight and expired registration.[1] The car had three occupants; Williams sat in the front passenger seat.

¶3            As the detective approached the passenger side of the car (his partner took the driver's side), he smelled marijuana emanating from where Williams sat.  Intending to search Williams for weapons, the detective asked him to step out of the car with his hands on his head.  According to the detective, at some point before the search began, Williams "twist[ed] away" from the detective.  When the detective asked Williams why he was pulling away, Williams replied that he had marijuana in his pocket.  The detective then searched Williams' pocket and found two small plastic bags of marijuana.  Williams was arrested and, after receiving *Miranda* warnings, admitted the marijuana was his.[2]

¶4            A grand jury indicted Williams on a charge of possession or use of marijuana, a Class 6 felony.  Williams moved to suppress the marijuana evidence and his incriminating statements, and the superior court denied his motion without explanation.  After a three-day trial, a jury

---

[1]      On review, we consider only the evidence presented at the suppression hearing and view it in the light most favorable to upholding the ruling.  *State v. Estrada*, 209 Ariz. 287, 288, ¶ 2 (App. 2004).

[2]      *See Miranda v. Arizona*, 384 U.S. 436 (1966).

found Williams guilty as charged. The court suspended imposition of sentence and placed Williams on supervised probation for two years.

**¶5** Williams timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (2015).[3]

## DISCUSSION

**¶6** "We review the superior court's ruling on [a] motion to suppress for abuse of discretion if it involves a discretionary issue, but review constitutional issues and purely legal issues de novo." *State v. Booker*, 212 Ariz. 502, 504, ¶ 10 (App. 2006). We will affirm if the ruling is legally correct for any reason supported by the record. *See State v. Aguilar*, 228 Ariz. 401, 403, ¶ 12 (App. 2011).

**¶7** The Fourth Amendment protects the right of people to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless search is presumed unreasonable unless a specific, well-delineated exception applies. *State v. Blakley*, 226 Ariz. 25, 27, ¶ 6 (App. 2010). One such exception is an investigatory stop and frisk. *See Terry v. Ohio*, 392 U.S. 1, 30-31 (1968). Another exception to the warrant requirement is a "search incident to a lawful arrest." *See, e.g.*, *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *United States v. Robinson*, 414 U.S. 218, 235 (1973). Under this exception, a contemporaneous search incident to an arrest is constitutionally permissible when there is probable cause for the arrest. *See State v. Bonillas*, 197 Ariz. 96, 98, ¶ 7 (App. 1999). An officer may search a suspect before a formal arrest, so long as there is probable cause for the arrest at the time of the search. *See id.*; *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980).

**¶8** On appeal, Williams argues only that the search did not come within the Fourth Amendment exception for an investigatory stop and frisk. *See Arizona v. Johnson*, 555 U.S. 323, 326-27 (2009); *State v. Serna*, 235 Ariz. 270, 275, ¶ 21 (2014). But the superior court reasonably could conclude from the evidence presented at the suppression hearing that the detective did not begin to search Williams until after he pulled away from the detective and told him he had marijuana in his pocket.

**¶9** The detective, who was the only witness at the suppression hearing, could not recall precisely when the search began, but testified that

---

[3] Absent material revision after the date of an alleged offense, we cite a statute's current version.

Williams "started pulling away once he stepped out of the car." The detective said, "I'm not sure if I got to the pat down [before Williams twisted away]. . . . I mean, like once [he] got out of the car and I'm going to pat him down, but prior to me being able to pat him down, he twists away." He further testified, "I didn't get to the pat down, he's twisting away immediately when he gets out of the car." Once Williams told the detective of the marijuana in his pocket, the detective had probable cause to arrest him. *See, e.g.*, *Maryland v. Pringle*, 540 U.S. 366 (2003) (officer performing traffic stop had probable cause to arrest all three occupants of vehicle after cocaine was found in backseat of car behind armrest). Because the officer had probable cause to arrest Williams, the contemporaneous search incident to the arrest was constitutionally permissible. *See Robinson*, 414 U.S. at 235; *Bonillas*, 197 Ariz. at 98, ¶ 7.[4] Accordingly, the superior court did not abuse its discretion in denying Williams' motion to suppress evidence.

## CONCLUSION

¶10 Because the superior court could conclude that the detective had probable cause to arrest Williams before the search, it did not err in denying the motion to suppress evidence. We affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4] For this reason, Williams' reliance on *People v. Medina*, 1 Cal. Rptr. 3d 546 (2003), is misplaced. That case did not analyze the "search incident to lawful arrest" exception to the warrant requirement, and, by contrast to *Medina*, the detective in this case had probable cause to arrest Williams at the time he conducted the search. *See id.* at 549 (officer's only reason for searching the suspect during a traffic stop was the time and location of the stop).