NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

RORY ELDON SNOW, *Appellee*.

No. 1 CA-CR 17-0463
FILED 5-29-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-138508-001
The Honorable Warren J. Granville, Judge

**VACATED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellant*

Law Office of Carrie M. Spiller, PLLC, Phoenix
By Carrie M. Spiller
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**C A T T A N I**, Judge:

¶1      The State appeals from the superior court's order granting Rory Eldon Snow's motion to suppress evidence (methamphetamine and methamphetamine paraphernalia) discovered during a warrantless search of his person. For reasons that follow, we vacate the suppression ruling.

### FACTS AND PROCEDURAL BACKGROUND

¶2      Detective Seymore (a Goodyear police officer assigned to the Arizona Department of Public Safety's State Gang Task Force) was on patrol with his partner one evening in mid-August 2016. While speaking with an individual on an access road just off the southbound lanes of a main road, the detective observed a southbound bicyclist cross the main road and continue riding south in the northbound lanes. The detective and his partner drove after the bicyclist and activated lights to stop him a few blocks later.

¶3      Snow—the bicyclist—identified himself and provided a state identification card. While the other detective ran Snow's information to check for outstanding warrants, Detective Seymore asked Snow several questions, including whether he was carrying anything illegal. Snow responded by stating either that he had a "G pipe" or that he had an "oil burner." The detective then searched Snow and found a methamphetamine pipe in one pocket and a bag of methamphetamine in the other. The detective arrested Snow immediately thereafter.

¶4      The State charged Snow with possession of methamphetamine, a class 4 felony, and possession of drug paraphernalia, a class 6 felony. Snow moved to suppress the evidence discovered in the search, arguing both that the initial stop was unjustified and that the warrantless search itself violated the Fourth Amendment. The court conducted an evidentiary hearing, at which Detective Seymour testified that when he asked Snow if he was carrying anything illegal, Snow responded that he had a "G pipe," which the detective recognized as a term

for an item used to smoke methamphetamine. Snow testified that he did not say he had a "G pipe" but instead said he had an "oil burner." After considering the testimony, the superior court granted Snow's motion and suppressed the evidence, reasoning that the search was not simply a frisk for weapons, that the detective lacked probable cause to search Snow's pockets absent prior observation of criminal activity, and that the search was not a search incident to arrest because Snow was not arrested until after the search was completed.

¶5      On the State's motion, the court dismissed the case without prejudice, and the State appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4032(6).

## DISCUSSION

¶6      We review the superior court's ruling on a motion to suppress for an abuse of discretion, but review de novo its ultimate legal conclusions, including its assessment of the existence of probable cause. *State v. Goudeau*, 239 Ariz. 421, 439, ¶ 26 (2016) (as amended); *State v. Booker*, 212 Ariz. 502, 504, ¶ 10 (App. 2006).

¶7      The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless search is presumed unreasonable unless justified under a specific, well-defined exception to the warrant requirement. *State v. Blakley*, 226 Ariz. 25, 27, ¶ 6 (App. 2010). One such exception is a search incident to arrest, which allows a contemporaneous search to accompany a lawful arrest (here, one supported by probable cause). *See Arizona v. Gant*, 556 U.S. 332, 338 (2009); *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980); *State v. Bonillas*, 197 Ariz. 96, 98, ¶ 7 (App. 1999).[1] A search incident to arrest may occur before formal arrest as long as probable cause for the arrest existed at the time of the search. *Rawlings*, 448 U.S. at 111; *State v. Carroll*, 111 Ariz. 216, 218–19 (1974); *Bonillas*, 197 Ariz. at 98, ¶ 7.

¶8      Here, the superior court erred by concluding that because Snow was not arrested until after the search, the search could not be considered a search incident to arrest. Assuming Snow told the detective that he was carrying a "G pipe," known to the detective as a type of drug

---

[1]      Another exception is an investigatory stop and frisk for weapons, *see Terry v. Ohio*, 392 U.S. 1, 30–31 (1968), but the State does not contend that the search in this case was proper on this basis, and the evidence at the suppression hearing supports the court's conclusion that it was not.

paraphernalia, the detective had probable cause to arrest him for possession of drug paraphernalia—even absent other evidence of criminal conduct. *See State v. Durham*, 108 Ariz. 233, 234–35 (1972) (noting that when a suspect told an officer that he had heroin for his own personal use, "[t]his admission, alone, justified an immediate arrest"); *see also* A.R.S. § 13-3415(A) (classifying possession of drug paraphernalia as a class 6 felony); A.R.S. § 13-3883(a)(1) (authorizing a warrantless arrest based on probable cause that the person to be arrested committed a felony offense). With probable cause for the arrest before the search, the fact that the search immediately preceded formal arrest does not invalidate it. *Rawlings*, 448 U.S. at 111; *Carroll*, 111 Ariz. at 218–19; *Bonillas*, 197 Ariz. at 98, ¶ 7.

**¶9**     Snow suggests that under the rule of *corpus delicti*, his statement, standing alone, cannot support probable cause for a search. But Snow offers no authority for applying this rule—which prohibits *conviction* of an accused based solely on the accused's confession without corroborating evidence—in the context of a pretrial suppression hearing. *Cf. State v. Jones*, 198 Ariz. 18, 21–24, ¶¶ 9–16 (App. 2000) (holding that the rule of *corpus delicti* does not apply at a preliminary hearing). And although Snow posits that his statement was given in response to illegal questioning, the superior court did not find that the detective's queries amounted to custodial interrogation. *See Berkemer v. McCarty*, 468 U.S. 420 (1984).

**¶10**     Arguably, the superior court could have credited Snow's testimony that he only disclosed having an "oil burner" (which in theory could refer to something other than drug paraphernalia) rather than the detective's testimony that Snow admitted possessing a "G pipe." But the court's ruling does not reflect any such fact-based determination, and in any event, because the superior court did not analyze whether Snow's statement established probable cause for an arrest, we vacate the ruling.

## CONCLUSION

**¶11**     We vacate the ruling on Snow's motion to suppress.

