NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

SANDRA L TORREZ, *Petitioner/Appellee*,

*v.*

RHONDA M BOMBARD, *Respondent/Appellant*.

No. 1 CA-CV 16-0758 FC
FILED 6-12-2018

---

Appeal from the Superior Court in Maricopa County
No.  FC2014-052709
The Honorable Chuck Whitehead, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Davis Faas Blasé, PLLC, Scottsdale
By Greg R. Davis

Mandel Young, PLC, Phoenix
By Taylor C. Young

National Center for Lesbian Rights, San Francisco, CA
By Catherine Sakimura, Emily Haan
*Co-Counsel for Petitioner/Appellee*

Best Law Firm, Phoenix
By Robert Hendricks, Stephen Vincent, Cynthia L. Best
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

**¶1**   Rhonda M. Bombard appeals from the superior court's order granting third-party visitation of her two children to her former partner, Sandra L. Torrez. For reasons that follow, we reverse and remand.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**   Bombard and Torrez lived together when Bombard gave birth to twins following artificial insemination with donor eggs and sperm. They intended to raise the children together and entered a co-parenting agreement setting forth a parenting plan in the event their relationship were to end. Torrez eventually moved out but continued to see the children regularly. Bombard later informed Torrez she would no longer be permitted to see the children. Bombard then moved with the children to New York.

**¶3**   Torrez filed a petition in Arizona to establish legal decision-making, parenting time, and child support orders, and alternatively, visitation under Arizona Revised Statutes ("A.R.S.") § 25-409. She also requested a temporary parenting time order. The superior court concluded that Torrez stood *in loco parentis* to the children and, in October 2014, entered an order ("2014 Order") awarding Torrez Skype visitation twice each week and weekend visitation once each month.

**¶4**   Torrez later filed a petition for contempt alleging Bombard failed to comply with the 2014 Order. The superior court found that Bombard failed to allow visitation as contemplated in the 2014 Order, and found Bombard in contempt. The court granted Torrez's request to enforce visitation, and awarded Torrez attorney's fees ("2016 Order").

**¶5**   Bombard objected to Torrez's application for attorney's fees, noting the superior court had not issued a final ruling on the petition to

2

establish visitation. The court concluded that the 2014 Order was a final ruling on the petition and that only the visitation schedule was a temporary order. The court awarded Torrez $12,662.50 in attorney's fees, and Bombard timely appealed.

## DISCUSSION

### I. Subject Matter Jurisdiction.

¶6 Preliminarily, Bombard argues the superior court lacked subject matter jurisdiction over this matter. She asserts that the superior court did not have jurisdiction under A.R.S. § 25-402 because the children were permanently residing in New York. We review de novo the superior court's subject matter jurisdiction. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 17 (App. 2017).

¶7 "'[S]ubject matter jurisdiction' refers to a court's statutory or constitutional authority to hear a certain type of case." *Chapman v. Hopkins*, 243 Ariz. 236, 241, ¶ 19 (App. 2017). "Subject matter jurisdiction cannot be waived, and can be raised at any stage of the proceedings." *Swichtenberg v. Brimer*, 171 Ariz. 77, 82 (App. 1991).

¶8 Under A.R.S. § 25-402, the superior court has jurisdiction to conduct proceedings regarding the legal decision-making and parenting time of a "person other than a parent." Before conducting such a proceeding, the court must "confirm its authority to do so to the exclusion of any other state . . . by complying with the uniform child custody jurisdiction and enforcement act [UCCJEA]." A.R.S. § 25-402(A); *see also* Ariz. Const. art. 6, § 14(1) (granting original jurisdiction in the superior court in cases in which exclusive jurisdiction is not vested in another court); *Lambertus v. Porter*, 235 Ariz. 382, 384, ¶ 10 (App. 2014) (discussing § 25-402).

¶9 Under the UCCJEA, an Arizona court has jurisdiction if this state "was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a . . . person acting as a parent continues to live in this state." A.R.S. § 25-1031(A)(1). The "home state" is "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before" the proceeding. A.R.S. § 25-1002(7)(a). A "person acting as a parent" includes a "person, other than a parent, who . . . had physical custody for a period of six consecutive months . . . within one year immediately before the commencement of [the] proceeding" and "claims a right to legal custody under the law of this state." A.R.S. § 25-1002(13)(a)–

(b). This jurisdiction is exclusive and continuing if "the child and a person acting as a parent" maintain a "significant connection" with this state. A.R.S. § 25-1032(A)(1).

**¶10**        Here, the children lived in Arizona with Bombard and Torrez for their entire lives until two weeks before Torrez filed her petition. Further, New York declined jurisdiction of Bombard's petition for custody after conferring with the Arizona court. And Torrez—who the co-parenting agreement stated was "a full and complete parent to the children"—remained in Arizona. Accordingly, the Arizona court had home state jurisdiction to make an initial custody determination and it retained continuing, exclusive jurisdiction over the matter.

**¶11**        Nevertheless, Bombard argues the superior court lacked subject matter jurisdiction because a third party seeking legal decision making or parenting time must do so "by filing a petition for third party rights under § 25-409 in the county in which the child permanently resides." A.R.S. § 25-402(B)(2); *see also Chapman*, 243 Ariz. at 240, ¶ 15. Bombard asserts that the children permanently resided in New York when Torrez filed her petition in Arizona, which Torrez did not refute. But even assuming Bombard intended for the children to permanently reside in New York, because of the well-defined jurisdictional requirements of § 25-402(A), § 25-402(B)(2) is best interpreted to be a venue requirement focusing on which part of the state is the appropriate forum and having no effect on subject matter jurisdiction. *See In re Marriage of Margain*, 239 Ariz. 369, 374, ¶ 21 (App. 2016) ("[I]n construing a statute, we do so 'in a way that promotes consistency, harmony, and function.'") (citation omitted).

**¶12**        Bombard also argues the superior court failed to make the jurisdictional findings required by § 25-402(A). This statute does not require the court to make findings in writing or on the record, and Bombard did not request findings of fact or conclusions of law under Arizona Rule of Family Law Procedure 82. Without such a request, we "presume that the trial court found every fact necessary to support the judgment" if supported by a reasonable construction of the evidence. *Berryhill v. Moore*, 180 Ariz. 77, 82 (App. 1994). By issuing a temporary visitation order, the court implicitly confirmed its authority to do so consistent with the UCCJEA, thereby satisfying § 25-402(A). Additionally, by denying Bombard's motion to dismiss for lack of jurisdiction, the court implicitly confirmed its jurisdiction.

## II.    Third-Party Visitation.

**¶13**       Bombard argues that the superior court erred by not giving Bombard's decision to deny Torrez's visitation "special weight," and that the court improperly made the temporary 2014 Order permanent.  We review issues of law and the application of statutory provisions de novo. *See Egan v. Fridlund-Horne*, 221 Ariz. 229, 232, ¶ 8 (App. 2009).

**¶14**       Under A.R.S. § 25-409(C)(2), the superior court may grant third-party visitation if (1) the child was born out of wedlock, (2) the legal parents were not married at the time the petition was filed, and (3) visitation is in the child's best interests.  The court may grant third-party visitation only after giving "special weight to the legal parents' opinion of what serves their child's best interests" and after considering "all relevant factors including:"

> 1.  The historical relationship, if any, between the child and the person seeking visitation.
>
> 2.  The motivation of the requesting party seeking visitation.
>
> 3.  The motivation of the person objecting to visitation.
>
> 4.  The quantity of visitation time requested and the potential adverse impact that visitation will have on the child's customary activities.
>
> 5.  If one or both of the child's parents are deceased, the benefit in maintaining an extended family relationship.

A.R.S. § 25-409(E); *see also Egan*, 221 Ariz. at 240, ¶ 41 (requiring the court to consider the best interests factors of A.R.S. § 25-409 as well as any "other relevant best interests factors").  "Assuming parental fitness, the analysis required under § 25-409 is not a typical balancing test in which the court's own determination of best interests is controlling" but rather the "special weight" requirement means that a parent's determination controls "unless a parental decision clearly and substantially impairs a child's best interests."  *Goodman v. Forsen*, 239 Ariz. 110, 113, ¶ 13 (App. 2016); *see also Egan*, 221 Ariz. at 240, ¶ 41 (applying "a rebuttable presumption that a fit parent's decision to deny or limit [third-party] visitation was made in the child's best interests" and requiring that special weight be given to the parent's decision).

¶15        Bombard's fitness as a parent was never at issue, thus her determination to deny visitation was controlling unless it "clearly and substantially impair[ed]" the children's best interests. *See Goodman*, 239 Ariz. at 113–14, ¶ 13.   Although the superior court acknowledged its obligation to presume Bombard's decision to deny visitation was in the children's best interests and that her decision was entitled to "special weight," the court nonetheless rejected Bombard's decision on the basis that she did not prove a reason for denying Torrez visitation.

¶16        The superior court's analysis was flawed because "a nonparent who seeks visitation carries a substantial burden to prove that the parent's decision is harmful.  It is not enough merely to show that the nonparent stands *in loco parentis* to the child[,]" or "that a reasonable person could disagree with the parent's decision to deny visitation." *Id.* at 114, ¶ 14.   Although the superior court concluded that there was no credible evidence to support Bombard's decision to deny visitation, it was Torrez's burden to rebut the presumption, not Bombard's burden to prove her decision was in the children's best interests. *See Egan*, 221 Ariz. at 240, ¶ 41. Bombard's decision was entitled to "robust deference" and should have controlled "unless [it] clearly and substantially impair[ed] a child's best interests." *Goodman*, 239 Ariz. at 113, ¶ 13; *see also Egan*, 221 Ariz. at 235, ¶ 20.   The court thus appears to have erroneously placed the burden on Bombard to prove her decision to deny visitation was in the children's best interests.

¶17        The 2016 Order following the trial did not address the third-party visitation framework set forth in § 25-409(E), *Egan*, and *Goodman*. Bombard specifically notified the superior court of the recent *Goodman* decision, but not until after the court issued its ruling.   Nonetheless, the court declined to include any further findings or analysis, concluding that the 2014 Order constituted a final order as to third-party visitation.  But the court did not consider whether Bombard's decision "clearly and substantially impair[ed] the child[ren]'s interests." *Goodman*, 239 Ariz. at 114, ¶ 13.

¶18        Moreover, the 2014 Order was a temporary order and not a final ruling that Torrez was entitled to permanent visitation.  At the hearing preceding the order, the court stated, "[t]his was a temporary request[,]" and "none of this has any precedential effect on what might happen down the road, either in an agreement or trial."  Although the court signed the order pursuant to Rule 81, because the 2014 Order was temporary, the superior court's reliance on the order as a basis for granting visitation

deprived Bombard of her right to have the superior court issue a final ruling applying the proper analysis.

¶19       Moreover, even if the 2014 Order was intended to be a final order, the court's reliance on that order as a basis for granting visitation in the 2016 Order was improper, because the 2014 Order did not apply the analysis set forth in § 25-409(E), *Egan*, and *Goodman*. Accordingly, the superior court erred by awarding third-party visitation to Torrez based on the deficient 2014 Order and without independently applying the appropriate statutory and constitutional analysis.

¶20       Because the issue may arise on remand, we address Bombard's argument that the superior court must make written findings regarding the children's best interests. In contested legal decision-making or parenting time cases, § 25-403(B) requires the court to make specific findings on the record. But § 25-409 does not impose this requirement in third-party visitation cases. We presume that when the Legislature rewrote § 25-409 in 2012, it was aware that § 25-403(B) required the court make specific findings regarding the best interests factors, yet did not require such findings in § 25-409. *See* 2012 Ariz. Sess. Laws, ch. 309 §§ 5, 20; *see also State v. Bonillas*, 197 Ariz. 96, 97, ¶ 5 (App. 1999). Although such findings would assist on appeal or in a future modification, they are not statutorily required. *Cf. Reid v. Reid*, 222 Ariz. 204, 210, ¶ 20 (App. 2009).

## III.    Attorney's Fees.

¶21       Because we reverse the underlying order, we also vacate the superior court's award of attorney's fees and remand for reconsideration in conjunction with the reconsideration of the third-party visitation petition.

¶22       Bombard requests an award of attorney's fees and costs incurred in defending the motion to dismiss the appeal pursuant to A.R.S. § 25-324. In an exercise of our discretion, we decline to award attorney's fees to Bombard; however, as the successful party on appeal, she is entitled to an award of costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶23**      We reverse the superior court's order and remand for reconsideration of the third-party visitation petition consistent with this decision.  In light of our disposition, we decline to address Bombard's constitutional challenge to § 25-409.

